| STATE OF NORTH CAROLINA | File No. **12 CVS** |
|---|---|
| GUILFORD County | In The General Court of Justice<br>☐ District  [X] Superior Court Division |

| Name of Plaintiff | |
|---|---|
| DAPHNE M. CRADDOCK | |
| Address | **CIVIL SUMMONS** |
| c/o Norman B. Smith, PO Box 990 | |
| City, State, Zip | ☐ ALIAS AND PLURIES SUMMONS |
| Greensboro, NC 27402-0990 | G.S. 1A-1, Rules 3, 4 |
| VERSUS | |
| Name of Defendant(s) | Date Original Summons Issued |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, or Lincoln National Corporation, or Lincoln Life and Annuity Distributors, Inc., or Lincoln Financial Investment Services Corporation | Date(s) Subsequent Summon(es) Issued |

To Each Of The Defendant(s) Named Below:

| Name And Address of Defendant 1 | Name And Address of Defendant 2 |
|---|---|
| LINCOLN NATIONAL LIFE INSURANCE COMPANY<br>c/o Mr. Robert Bohner, Junior Vice President<br>  and Senior Counsel<br>115 Radnor Chester Road<br>Radnor, PA 19087 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff) | Date Issued | Time ☐ AM ☐ PM |
|---|---|---|
| Norman B. Smith<br>Smith, James, Rowlett & Cohen, LLP<br>PO Box 990<br>Greensboro, NC 27402-0990 | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | |

NOTE TO PARTIES: Many Counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts        (Over)

**EXHIBIT A**

Case 1:12-cv-00684-CCE-LPA   Document 1-1   Filed 07/06/12   Page 1 of 8

NORTH CAROLINA                    IN THE GENERAL COURT OF JUSTICE
                                     SUPERIOR COURT DIVISION
GUILFORD COUNTY                   2012 JUN -5 PM 3:51  12 CVS 6743

                                  GUILFORD COUNTY, C.S.C.

DAPHNE M. CRADDOCK,           )
                              )   BY _____
     Plaintiff,               )
                              )
v.                            )        **COMPLAINT**
                              )
LINCOLN NATIONAL LIFE         )
INSURANCE COMPANY, or         )
Lincoln National Corporation, )
or Lincoln Life and Annuity   )
Distributors, Inc., or Lincoln)
Financial Investment Services )
Corporation,                  )
                              )
     Defendant.               )

Plaintiff, complaining of defendant, alleges and says:

1. Plaintiff is a citizen and resident of Greensboro, Guilford County, North Carolina.

2. Defendant is a corporation with its principal office and place of business in Radnor, Pennsylvania, but which has a major place of business in Greensboro, Guilford County, North Carolina.

3. Plaintiff is a former employee of defendant. Plaintiff came to work for defendant's predecessor Pilot Life Insurance Company on June 19, 1969, and she continued her employment with defendant and its predecessors until July 26, 2011, when she was discharged by defendant.

4. At all material times hereto, defendant has had more than 15 employees and more than 20 employees in each of 20 weeks in the current or preceding calendar year.

5. At all material times hereto, plaintiff performed her job duties in an exemplary way, carried out all directions from defendant, abided by all defendant's policies and rules, performed in a manner that exceeded defendant's reasonable expectations of plaintiff's work, and abided by the law.

6. Plaintiff was born on March 7, 1952, and was 59 years of age at the time of her discharge.

7. Plaintiff suffers from the results of a massive brain injury in an automobile wreck that occurred in 1980. Plaintiff was out of work on account of her injuries for more than a year following the date of the wreck. Defendant's predecessor continued plaintiff as its employee, and reasonably accommodated both her lengthy absence and her disabilities upon her return to work.

8. At the time of discharge, plaintiff's disabilities consisted of short-term memory impairment, somewhat limited ability in reading and writing, limited keyboard speed, and weakness of eye muscles.

9. Throughout her career with defendant and its predecessors, plaintiff was assigned to do filing and file maintenance, and to process mail.

10. With minimal additional training and orientation, plaintiff satisfactorily could have performed a number of other jobs that defendant had available at its Greensboro, North Carolina, center.

11. In addition to the benefits from reasonable accommodation to plaintiff by defendant and its predecessors, plaintiff also compensated for her disabilities by being extremely diligent, having essentially a perfect attendance policy, being a loyal advocate

and supporter of her employer, and being regarding by all of her fellow employees as a good friend and a person of unblemished moral character.

12. Beginning sometime in the year 2010, defendant embarked on a strategy and scheme to bring about the discharge of plaintiff. This strategy and scheme was not founded upon any reasonable or legitimate business interest of defendant, but was purely a pretext for discrimination against defendant on the basis of her disability and her age. The strategy and scheme included an oral warning given to plaintiff in March, 2011, falsely claiming that she had been making mistakes, a written warning in June, 2011, falsely stating that she needed to improve to become more efficient, and a final written warning on July 26, 2011, the date of plaintiff's discharge, which should have entitled plaintiff to coaching and other performance enhancing measures, but none of this was allowed by defendant, which discharged plaintiff the very same day as she was given the final written warning.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION BASED ON DISABILITY

13. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 12, and incorporates the same by reference herein as if again fully set forth.

14. At all material times hereto, plaintiff has been a qualified individual with a disability, who with reasonable accommodation, could perform the essential functions of her position of employment, as provided in 42 U.S.C. § 12111(a).

15. Defendant's dismissal of plaintiff can only be explained on the basis of defendant's intent to discriminate against plaintiff on the basis of her disability in violation

3

of 42 U.S.C. § 12112(a) or on the basis of her age as referred to in the second cause of action hereof.

16. Plaintiff filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission on August 16, 2011, with respect to the above-described discrimination on the basis of disability, pursuant to 42 U.S.C. § 12117(a), incorporating by reference 42 U.S.C. § 2000e-5(b) and (e).

17. On April 30, 2012, plaintiff received from the Equal Employment Opportunity Commission her right to sue defendant, as provided in 42 U.S.C. § 12117, incorporating by reference 42 U.S.C. § 2000e-5(f)(1).

18. Proximately and directly as a result of defendant's discrimination against her, as set forth above, plaintiff has sustained injuries and damages, including loss of income and valuable fringe benefits from employment, pain and suffering, inconvenience, and mental anguish, for which plaintiff is entitled to be compensated by defendant in accordance with 42 U.S.C. § 1981a(a)(2), (b)(3).

19. Plaintiff has no plain and adequate remedy at law, and is entitled to equitable relief from this court, consisting of an order enjoining and restraining defendant to reinstate plaintiff to her former position of employment, and thereafter not to discriminate against her on the basis of her disability, or alternatively, to pay her front pay in accordance with 42 U.S.C. § 12117, incorporating by reference 42 U.S.C. § 2000e-5(g)(1).

## SECOND CAUSE OF ACTION
## FOR AGE DISCRIMINATION

20. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 12, and incorporates the same by reference herein as if again fully set forth.

21. Proximately and directly as a result of plaintiff's age, defendant terminated her employment. Defendant's termination of plaintiff's employment was an intentional act of age discrimination in violation of 29 U.S.C. § 623(a)(1).

22. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on August 16, 2011, with respect to the above-described discrimination on the basis of age, pursuant to 29 U.S.C. § 626(d).

23. On April 30, 2012, plaintiff received from the Equal Employment Opportunity Commission her right to sue defendant, as provided in 29 U.S.C. § 626(e).

24. Proximately and directly as a result of defendant's discrimination against plaintiff on the basis of her age, she has sustained injuries and damages, including loss of income and valuable fringe benefits for which plaintiff is entitled to be compensated by defendant in accordance with 29 U.S.C. § 626(b)(1), incorporating by reference 29 U.S.C. § 626(b).

25. Plaintiff has no plain and adequate remedy at law and is entitled to equitable relief from this court, consisting of an order enjoining and restraining defendant to reinstate plaintiff to her former position of employment and thereafter not to discriminate against her on the basis of her age, or alternatively, to pay her front pay, in accordance with the provisions of 29 U.S.C. § 626(b)(1), incorporating by reference 29 U.S.C. § 217.

5

WHEREFORE, plaintiff prays that she have and recover her damages of defendant, that plaintiff's judgment bear such interest as is provided by law, that plaintiff be reinstated as an employee of defendant, or alternatively, that plaintiff recover front pay from defendant, that the costs of this action be taxed against defendant, that plaintiff recover her attorney's fees and expenses of litigation from defendant pursuant to 29 U.S.C. § 626(b), incorporating by reference 29 U.S.C. § 216(b), and 42 U.S.C. § 12117, incorporating by reference 42 U.S.C. § 2000e-5(k), that all issues of fact be tried by jury, and that plaintiff have such other and further relief as to the court may seem just and proper.

_____
Attorney for Plaintiff
Norman B. Smith
Smith, James, Rowlett & Cohen, LLP
PO Box 990
Greensboro, NC 27402-0990
Tel: (336) 274-2992
Fax: (336) 274-8490
Email: normanbsmith@earthlink.net
NCSB 4962

6

**CERTIFIED MAIL**

SMITH, JAMES, ROWLETT & COHEN
ATTORNEYS AND COUNSELLORS AT LAW
POST OFFICE BOX 990
GREENSBORO, NORTH CAROLINA 27402-0990

7009 1680 0000 3586 2052

ADVISE YOUR CORRESPONDENTS
OF PUBLISHERS OF YOUR CHANGE
MAILING ADDRESS

ADDRESS CORRECTION REQUESTED



US POSTAGE $ 05.95
Mailed From 27402
06/06/2012
031A 0002301353

Lincoln National Life Insurance Co.
c/o Mr. Robert Bohner
Junior Vice Pres. & Senior Counsel
115 Radnor Chester Road
Radnor, PA 19087